CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 7 2007

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PERRY SYLVESTER WRIGHT, #288659 )<br>  Petitioner, ) | Civil Action No. 7:07cv00099 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GENE M. JOHNSON, Director of )<br>Virginia Department of Corrections, )<br>  Respondent. ) | By: Hon. Glen E. Conrad<br>United States District Court Judge |

Perry Sylvester Wright, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Wright challenges the validity of three separate, unrelated convictions in the Circuit Court of the City of Danville. The petition is presently before the court on respondent's motion to dismiss. For the reasons set forth below, the court will grant respondent's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 28, 2000, Wright was convicted in the Circuit Court of the City of Danville of unlawful wounding and was subsequently sentenced to a total term of imprisonment of 5 years with 8 months suspended. Wright did not appeal this conviction. On March 2, 2001, Wright was again convicted in the Circuit Court of the City of Danville of unlawful wounding and was subsequently sentenced to a total term of imprisonment of 5 years with 9 months suspended. Wright did not appeal this conviction.

On June 1, 2001, the Circuit Court of the City of Danville found Wright to be in violation of his probation, revoked 13 years and 4 months of his previously suspended sentences for arson and

malicious wounding, and then re-suspended all but 1 year and 8 months.[1]

On September 26, 2006, Wright filed a petition for writ of habeas corpus in the Circuit Court of the City of Danville in which he raised the following claims:

(A) With respect to his June 1, 2001, probation revocation, the trial court did not correct the clerical error regarding his sentence pursuant to the order of the Court of Appeals;

(B) With respect to his August 28, 2000, conviction for unlawful wounding, the trial court improperly sentenced Wright twice for the same charge; and

(C) With respect to his March 2, 2001, conviction for unlawful wounding, the trial court improperly sentenced Wright twice for the same charge.

On January 31, 2007, the Court held that Wright's claims were barred by the statute of limitations and accordingly dismissed the petition. Wright did not appeal this decision to the Supreme Court of Virginia.[2]

Wright filed the instant petition on February 22, 2007, challenging his convictions on the following grounds:

(A) The trial court sentenced Wright twice for the same charge in both of his unrelated unlawful wounding charges of August 28, 2000, and March 2, 2001. The trial court lengthened the sentences once they were handed down; and

---

[1] The Court on June 1, 2001, erroneously revoked 15 years of Wright's previously suspended sentence and re-suspended 13 years and 8 months. Wright had previously served 1 year and 8 months of his original 15-year sentence on an earlier revocation. Wright appealed both the revocation and the calculation of his sentence. On October 29, 2002, the Court of Appeals of Virginia affirmed the revocation, but remanded the case to the Circuit Court of the City of Danville to correct a clerical error in the revocation order. On January 31, 2003, the Court entered an order nunc pro tunc correcting the clerical error to reflect that Wright was actually sentenced on June 1, 2001, to 13 years and 4 months with all but 1 year and 8 months suspended.

[2] On November 9, 2006, Wright sent a new "habeas petition" to respondent attacking the same convictions as in his first petition and raising related claims. The Circuit Court of the City of Danville has no record of the petition actually being filed with the clerk's office. Had Wright filed this petition in the Circuit Court, it would have been time barred just as his first petition was. Additionally, Wright's petition would have been barred by Virginia Code § 8.01-654(b)(2), Virginia's successive petition rule.

2

> (B) After remand from the Court of Appeals, the Circuit Court failed to fix the clerical error involving Wright's sentence.

Respondent moved to dismiss the petition on April 30, 2007, arguing that Wright's claims are barred by the statute of limitations and, alternatively, that they are simultaneously exhausted and procedurally defaulted because Wright never brought the claims in the Supreme Court of Virginia and now would be precluded from doing so. Wright responded on May 11, 2007, and the petition is now ripe for review. The court will include additional facts in its discussion as necessary.

## ANALYSIS

Wright's claims are barred by the statute of limitations. Pursuant to 28 U.S.C. § 2244(d), a state prisoner must file his petition for a writ of habeas corpus within one year of the date upon which the judgment became final, subject to tolling for the period when a properly filed state collateral review proceeding was pending. See Allen v. Mitchell, 276 F.3d 183, 185 (4th Cir. 2001). Under 28 U.S.C. § 2244(d)(1)(A), a conviction becomes final upon the expiration of the time for seeking direct review.

As for claim (A), Wright was first convicted on August 28, 2000, and his time for seeking direct review expired 30 days thereafter. Therefore, on September 27, 2000, Wright's conviction became final and he had one year from that date to challenge his convictions in a federal habeas petition. Wright was also convicted on March 2, 2001, and, similarly, his time for seeking direct review expired 30 days later. Therefore, on April 3, 2001, Wright's second conviction became final and he had one year from that date to challenge his convictions in a federal habeas petition. Wright did not meet either the September 27, 2001, deadline or the April 3, 2002, deadline; in fact, by those dates Wright had yet to file his state petition in the Circuit Court of the City of Danville.

As for claim (B), Wright's previously imposed sentence was revoked on June 1, 2001, and his direct appeal in the Court of Appeals of Virginia ended on January 21, 2003. Wright's time for seeking direct review in the Supreme Court of Virginia expired 30 days later, and, therefore, the revocation judgment became final on February 20, 2003. Wright had one year from that date to challenge the judgment in a federal habeas petition. Wright did not meet this February 20, 2004, deadline, nor had he even yet filed his state petition. Accordingly, Wright's petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[3] Wright has made no such demonstration.

Wright only argues one ground for equitable tolling: that he had been requesting the Virginia Department of Corrections ("VDOC") to produce a copy of Wright's original sentence order "since 2002 thru 2004 and was only provided with false and inadequate information." Wright deemed the VDOC's actions to be intentional and further claims that it was VDOC's actions which "ultimately delayed and hindered [him] from filing any further proceedings within a timely fashion." Wright provides nothing to support his allegation that the VDOC intentionally provided him with false sentencing orders for two years, nor does Wright provide anything to demonstrate that he exercised reasonable diligence in investigating and bringing his claims. Moreover, even assuming arguendo that this constituted an extraordinary circumstance that prevented Wright from filing on time, he failed to exercise due diligence in investigating and bringing his claim once the impediment was

---

[3] Equitable tolling is available only in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Rouse v. Lee, 339 F.3d.238, 246 (4th Cir. 2003) (en banc) (citing Harris v. Hutchinson, 209, F.3d 325, 330 (4th Cir. 2000)), cert. denied, 541 U.S. 905 (2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id.

4

removed in 2004.[4]

## CONCLUSION

For the reasons stated, the court will grant respondent's motion to dismiss.

The Clerk is directed to send a copy of this Memorandum and Opinion and the accompanying Order to the petitioner.

**ENTER**: This 7th day of August, 2007.

                                        /s/ Glen Conrad
                                        United States District Judge

---

[4] Furthermore, Wright's claims are simultaneously exhausted and procedurally barred because he has defaulted his claims and no longer has a state remedy. Bassette v. Thompson, 915 F.2d 932, 935-37 (4th Cir. 1990).

Case 7:07-cv-00099-GEC-mfu   Document 17   Filed 08/07/07   Page 5 of 5   Pageid#: 170